UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:23-cv-156-LLK

MATTHEW SAILER PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security DEFENDANT

MEMORANDUM OPINION AND ORDER GRANTING IN PART
MOTION FOR APPROVAL OF 406(B) ATTORNEY'S FEE [DN 20]

This matter is before the Court upon Motion for Approval of Attorney's Fee filed by Plaintiff's counsel Bard Brian pursuant to 42 U.S.C. § 406(b). [DN 20]. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 7]. For the reasons that follow, counsel's Motion for Approval of Attorney's Fee is deemed timely filed. The Court will GRANT counsel's Motion in part and DENY it in part, approving an award of $10,200.00 in 406(b) attorney fees.

I. Timeliness of Motion for § 406(b) Attorney's Fee

In response to the Court's request for additional information [DN 22], counsel Brian filed a Notice of Additional Information [DN 23] in which he indicated that the first notice of Plaintiff's award that he received (despite multiple unanswered inquiries to the Social Security Administration) was via the October 7, 2025, letter from the Social Security Administration which he attached to his Motion for Approval of Attorney's Fee at DN 20-3:

> 1. Undersigned counsel did not receive a copy of the July 31, 2025, *Notice of Award* in Plaintiff Sailer's case, hence why same was not attached to the filed Motion for Fees.
>
> 2. The October 7, 2025, letter from the Social Security Administration [DN 20-3] was the first notice counsel received from the Social Security Administration of the award to my client.

Notice of Additional Information, [DN 23] at 1.

While not formally objecting to the timeliness of counsel's Motion, the Commissioner nonetheless included in its late-filed Response to counsel's Motion an observation that counsel had purportedly received earlier notice of the award than the October 7, 2025, letter. [DN 21] at 2. In his Notice of Additional Information, counsel appended two letters he sent to the Social Security Administration's local offices requesting a status update of Plaintiff's case and indicating counsel's intent to file for attorney's fees. [DN 23-1, March 23, 2025 letter; DN 23-2, June 19, 2025 letter].

As noted in the Order for Additional Information, Joint Local Rule 83.11 sets forth the procedure and time for filing of 406(b) attorney's fees and requires that the petition for fees be filed "within 30 days of the date shown on the fact of the most recent notice of award issued by the Social Security Administration." Here, counsel filed his Motion for Attorney's Fees [DN 20] within thirty days of receipt of the October 7, 2025, letter from the Social Security Administration. As the October 7, 2025, letter was the first notice counsel received of Plaintiff's award, there is a discrepancy between the mailing addresses utilized by the Social Security Administration to mail correspondence to counsel, and neither the claimant nor the Commissioner has objected to the fee based upon untimeliness of the petition, the Court finds counsel's motion to be timely.

In the alternative, the Court finds that equitable tolling applies to counsel's motion in order to find it timely filed. The Sixth Circuit has set forth five factors for courts to consider in determining whether a deadline should be equitably tolled:

(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

These factors weigh in favor of tolling. Counsel was reasonably diligent in requesting status updates from SSA and in filing his motion within 30 days of notice of Plaintiff's award; no party was prejudiced by counsel's delay, and neither the claimant nor the Commissioner has objected to the motion. Applying equitable tolling, the Court finds counsel's motion to be timely filed.

II. <u>406(b) Attorney's Fee Sought</u>

Counsel seeks approval of a § 406(b) attorney fee in the amount of $25,725.00, or twenty-five percent of the total past-due benefits awarded to Plaintiff. Counsel's Motion is supported by three exhibits: a copy of the Attorney-Client Contract executed on October 7, 2021 [DN 20-2]; an October 7, 2025, letter from the Social Security Administration to counsel inquiring whether he intends to petition for an attorney's fee [DN 20-3]; and an August 23, 2024, letter from the U.S. Department of the Treasury notifying counsel that $1256.72 of the EAJA fee awarded was applied to a delinquent debt owed by Plaintiff. [DN 20-4]. The Commissioner's Response to Plaintiff's

Motion neither supports nor opposes counsel's request for attorney's fees but nonetheless includes comments on various aspects of the Motion. The Commissioner's Response notes that "although the motion for fees is filed under Plaintiff's name, his counsel, Bard. K. Brian, is the real party-in-interest, and the Commissioner has no direct financial stake in the outcome of this motion; the Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (citations omitted). [DN 21] at 1.

The Commissioner's Response includes a copy of the July 31, 2025, Notice of Award dated July 31, 2025. The Commissioner notes that Plaintiff's past-due Title II benefits for the relevant period for fee purposes equals $102,900.00, and that the Social Security Administration withheld $25,725.00 as 25% of the past-due benefit amount for attorney's fees. [DN 21] at 2. Though not filed with the Motion, a timesheet outlining counsel's time entries for work before this Court was located as an attachment to his previously filed Motion for EAJA Fees which reflects a total of 20.4 hours. [DN 16-1]. The parties ultimately agreed upon an EAJA fee of $3,400.00, a portion of which was later seized by the U.S. Department of the Treasury to satisfy Plaintiff's debt to the Army & Air Force Exchange Service in the amount of $1256.72.

III. Procedural History

This case has a lengthy administrative history. Plaintiff initially filed for disability insurance benefits on August 21, 2019, alleging disability from May 29, 2018. The record contains transcripts from hearings in 2021, 2022, and 2023, in addition to a remand from the Appeals Council, after which Judge Peeples' August 18, 2023, Unfavorable Decision was issued. On November 30, 2023, Plaintiff filed a Complaint in this Court seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying his claim for Social

Security Disability benefits. [DN 1]. The matter was fully briefed by the parties. In its May 23, 2024, Memorandum Opinion and Order, this Court remanded Plaintiff's case to the Commissioner for a new decision pursuant to Sentence 4 of 42 U.S.C. § 405(g). [DN 14].

Following remand, Plaintiff's counsel filed a Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA). [DN 16]. Ultimately, the parties stipulated to an EAJA fee of $3400.00 [DN 19]. On remand, the ALJ reversed the agency's previously Unfavorable Decision and found Plaintiff disabled, resulting in an award of past benefits totaling $102,900.00. [DN 21] at 2. On November 3, 2025, counsel filed the present Motion for Attorney Fees seeking the full 25% contingency agreement amount of $25,725.00 as withheld by the Social Security Administration. [DN 20] at 1-2.

## IV. Applicable Law

There are three statutory provisions that address payment of attorney fees for representatives of claimants in Social Security appeals. The Equal Access to Justice Act ("EAJA") is a fee-shifting statute that authorizes an award of attorney's fees against government agencies—including the Social Security Administration—unless the government's position was "substantially justified" or there are special circumstances that would make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). EAJA fees are typically sought at the time a successful claimant receives a remand from the federal court back to the Social Security Administration.[1] The second statutory provision—42 U.S.C. § 406(a)—covers work performed by the claimant's representative at the administrative level. The third statutory provision, which is applicable in the present case, is found

[1] When an attorney receives fees under both the EAJA and 406(b), the attorney must refund the smaller fee awarded to the claimant. *Gisbrecht v. Barnhart*, 535 US 789, 796 (2002).

in 42 U.S.C. § 406(b). Under 406(b), a court may allow, as part of its judgment, "a reasonable fee … not in excess of 25 percent of the … past-due benefits" awarded to the claimant. Attorney's fees under 406(b) are sought when a claimant's case was remanded to the Commissioner from the federal court, and a favorable decision awarding benefits results from that remand.

Thus, when a social security claimant receives a favorable judgment, their attorney may be awarded a reasonable fee. As the Commissioner's Response notes, it is for the Court to decide if a request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law, *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Gisbrecht*, the Supreme Court held that to prevail under § 406(b), plaintiff's counsel must show, and the Court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered: Section 406(b) "does not displace contingency-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

As another District Court within the Sixth Circuit put it, to determine whether an award under § 406(b) is reasonable, "a ceiling-floor approach guides the way." *Hensley v. Comm'r of Soc. Sec*., No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021). The ceiling is 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with 406(b)'s 25%-cap." *Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309 (6th Cir. 2014). The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1991). A hypothetical rate that is less than twice the standard rate is *per se* reasonable. *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Courts must review contingency arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney seeking the fee has the burden of demonstrating that the amount sought is reasonable for the services rendered. *Id*. Courts are left to consider arguments for attorney's fees amounts which fall between the double-the-standard-rate floor and below the 25% statutory ceiling. As Judge Beaton in this district recently opined, district courts have discretion to reduce fees, even fees unopposed by the Commissioner. *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025). *Williams* instructs that courts have a duty to independently assess unopposed § 406(b) fees with care and are not barred from reducing such fee awards when they conduct "an individualized analysis of the circumstances of the case," *Id*. at *2 (citing *In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986)):

> The district court's role is not just a matter of discretion. Supreme Court precedent requires district courts to scrutinize fee agreements: "Although the contingency agreement should be given significant weight in fixing a fee, a district judge *must* independently assess the reasonableness of its terms." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (emphasis added) (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). A court that passively accepts a fee agreement doesn't just fail to exercise discretion—it fails to discharge its duty of independent review.

*Williams* at *2-3.

The Sixth Circuit very recently had occasion to address contingency-fee agreements for § 406(b) fee awards in *Tucker v. Commissioner*, 136 F.4th 639 (6th Cir. 2025), and reiterated that contingency-fee agreements within the twenty-five percent cap are afforded a rebuttable presumption of reasonableness; nevertheless, if a court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons for those deductions. *Tucker* at 643 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). According to *Tucker,* "[d]eductions generally should fall into two categories: 1) those occasioned

by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*.

Using this framework, judges in this District have followed a four-step analysis to evaluate the reasonableness of a § 406(b) attorney fee award:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorney's fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third the court may consider other factors, such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Lewis v. Kijakazi*, No. 1:19-cv-00183-GNS-LLK, 2023 WL 395793, at *2 (W.D. Ky. Jan. 25, 2023) (quoting *Calendaria v. Comm'r of Soc. Sec*., No. 5:17-cv-00016-GNS-LLK, 2020 WL 4728773, at *5 (W.D. Ky. August 14, 2020)).

Deductions from the twenty-five percent cap may be appropriate where "the attorney would 'enjoy a windfall because of … an inordinately large benefit . . . .'" *Hayes*, 923 F.2d at 421-22 (internal citation omitted). As noted above, *Hayes* sets the "floor" to consider when assessing contingency fees: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id*. As there is no indication of any misconduct by or ineffectiveness of counsel in this case, the Court will limit its *Rodriguez* analysis to whether the fee requested would result in a "windfall" to Plaintiff's counsel.

V. Discussion

Plaintiff's counsel Bard Brian is a Paducah, Kentucky lawyer whose website indicates that he practices in the areas of DUI/criminal law, personal injury, family law, and Social Security. He is one of few remaining attorneys in Western Kentucky whose practice includes social security appeals to the federal court. Mr. Brian seeks approval of a fee of $25,725.00, or 25% of $102,900.00. This amount represents the highest attorney fee award permissible under 42 U.S.C. § 406(b)'s twenty-five percent cap. The Commissioner has not expressly objected to the amount sought, nor has Plaintiff Sailer. However, the Commissioner notes that 406(b) fee approvals in this district typically have effective hourly rates between $400 to $600 per hour for attorneys, depending upon their experience level. [DN 21] at 3, n3. A duly executed contingency fee agreement between counsel and Plaintiff was appended to the Motion. [DN 20-2]. The fee agreement terms appear to comply with the twenty-five percent cap of § 406(b) and are therefore entitled to the rebuttable presumption of reasonableness. As to the effective hourly rate, counsel reportedly spent a modest 20.4 hours litigating this case in federal court. [DN 16-1]. Based upon these numbers, the effective hourly rate would be approximately $1,261.03 ($25,725.00 ÷ 20.4). The Court finds no fault with the 20.4 hours billed. The appropriate hypothetical hourly rate however, is less clear-cut.

Whether this hypothetical hourly rate is *per se* reasonable requires a comparison to the standard rate in the market where the action was filed—the Western District of Kentucky. *Hayes*, 923 F.2d at 422. "For the standard rate, courts in this district have used an EAJA rate of $140 as the comparator for *per se* reasonableness." *Williams*, 2025 WL 1233215, at *3 (citing *Philpott v. Commissioner of Social Security*, No. 3:15-cv-554, 2021 WL 2109225, at *4 (W.D. Ky. May 25, 2021)). The hypothetical hourly rate of $1261.03 in this case is more than twice the standard EAJA

fee rate of $140 (it is over nine times the EAJA hourly rate); therefore, it is not *per se* reasonable. *Hayes*, 923 F.2d at 422. In this instance, the Court's inquiry "may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel." *Broxton v. Commissioner*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (citing *Gisbrecht*, 535 U.S. at 807-08, 122 S.Ct. 1817).

In his Motion, counsel Brian references the contingent fee agreement between himself and Plaintiff, and his intent to seek approval of an attorney fee for work done before the administration. He notes that his representation of Plaintiff began on December 4, 2018:

> The representation has continued through each administrative level; multiple remands; and an appeal before this Court for a new decision, (Document 14); and the issuance of an ALJ Favorable decision on January 24, 2025, finding Plaintiff totally disabled beginning May 29, 2018. Plaintiff intends no further appeal as the decision is in effect fully favorable to the Plaintiff. Counsel seeks approval of the attorney fees withheld per the DIB and SSI[2] Notice of Awards.
>
> ***
>
> This motion has been timely submitted without undue delay and is not only timely made, but the amount requested is reasonable and commensurate with the complexity of the case and Counsel's expertise, skill and diligent pursuance of the Plaintiff's cause since December 2018 to an ultimately successful conclusion on January 24, 2025. Counsel's persistence in challenging the ALJ's findings for six years and then before this Court directly led to the favorable finding as to Plaintiff's disability as evidence by the fully favorable decision. It was upon counsel's advisement and persistence that the claim was pursued past the ALJ's multiple denials in this case.

Motion for Approval of Attorney's Fee, [DN 20] at 2.

Attorney Brian's hypothetical hourly rate of $1,261.03 exceeds the standard rates approved in Social Security cases within this district. For example, in several recent cases, attorneys with

[2] This and other references in the Motion to SSI benefits appear to be typos, as Plaintiff's case appears to involve only a claim for DIB, not SSI. August 18, 2023, ALJ Decision, [DN 6] at 21-39.

decades of Social Security experience have been allotted $500 per hour in 406(b) fee requests.[3] There is no doubt that Attorney Brian obtained a successful result for his client in this case and persevered through numerous administrative hurdles with his client. The Court agrees that the quality of representation and results achieved were excellent in this case. Nonetheless, the attorney seeking the fee under a contingency agreement in a social security case bears the burden of demonstrating the amount sought is reasonable for the services provided. *Gisbrecht*, 525 U.S. 789, 807. Counsel has not filed any evidence into the record pertaining to his usual and customary hourly rate for non-contingency fee related legal work, nor has he argued that the billable hour rates in this area are in excess of the $140 per hour used to calculate EAJA fees within this district.[4] The brief filed before this Court was nine pages, and the issue upon which remand was necessitated was relatively straight-forward: the ALJ erred in not considering the clinical evidence that underlay the VA's disability determination due to PTSD. [DN 14] at 3-7. And while this Court reluctantly inserts itself into the contingency fee agreement between counsel and his client, both Sixth Circuit and Western District of Kentucky precedent interpreting 42 U.S.C. § 406(b)(1)(A) requires that it do so. The Court encourages Plaintiff's counsel to file for attorney fees before the Social Security Administration for his time expended before the agency.

Because counsel is an experienced attorney representing Social Security claimants in the Western District of Kentucky, the Court finds that counsel is entitled to the rate of $500 per hour, an hourly rate recently awarded by this Court to similarly experienced practitioners. Therefore, the

---

[3]In recent cases in this district, associates with less than five years' experience have been allotted a hypothetical hourly rate of $420 an hour, with more experienced attorneys allotted $460, and those with decades of experience being allotted $500 per hour. *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019); *Lewis v. Kijakazi*, No. 1:19-CV-183-GNS 2023 WL 395793 (W.D. Ky. January 25, 2023) *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025).

[4] Using the EAJA fee rate of $140, twice that amount at $280 x 20.4 hours billed in this case before the federal court would mean that a fee of $5,712.00 is *per se* reasonable in this case.

appropriate fee in this case is $10,200.00.[5] Having fully considered the experience of the attorney who litigated this case in federal court, awards in similar cases within this district, the nature and complexity of the case and issue on remand, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that counsel's Motion for Approval of Attorney's Fee pursuant to 42 U.S.C. § 406(b) is GRANTED IN PART and DENIED IN PART. Plaintiff Sailer's attorney Bard Brian is to be paid a total of $10,200.00 pursuant to 42 U.S.C. § 406(b). Because reduced EAJA fees of $2,143.28 were paid to counsel pursuant to the Joint Stipulation/Agreed Order for Award of Attorney Fees under the Equal Access to Justice Act [DN 19], counsel shall reimburse the smaller EAJA fee award to Plaintiff. IT IS FURTHER ORDERED that the Commissioner is directed to pay $10,200.00 directly to Attorney Bard Brian from the funds withheld from Plaintiff's past-due benefits. Plaintiff's counsel shall then reimburse Plaintiff in the amount of $2,143.28 for the reduced fee he previously received under the EAJA.

March 9, 2026

**Lanny King, Magistrate Judge**
**United States District Court**

[5] The Court anticipates that Attorney Brian will (and should) file for fees for his extensive work before the Social Security Administration pursuant to § 406(a). Nothing in this Memorandum Opinion should be construed by the Social Security Administration as reason to reduce fees for counsel's work before it.